ENDORSEMENT ORDER ON PENDING MOTIONS IN WALLACE V. BERRYHILL, 17 CV 672 (JGM)

3/8/2018 – On February 13, 2018, defendant filed the pending Motion to Strike Plaintiff's Brief and Statement of Facts (Dkt. #23) on grounds that plaintiff's filings on January 8, 2018 (see Dkt. #21) exceed the page limits set forth in this Court's Standing Scheduling Order (Dkt. #5). Ten days later, plaintiff filed his brief in opposition (Dkt. #24), and on February 27, 2018, defendant filed a reply brief. (Dkt. #25). On March 5, 2018, the parties filed a Consent Motion to Stay briefing on the substantive motions pending resolution of the Motion to Strike. (Dkt. #26).

The Court's Standing Scheduling Order, filed on April 24, 2017 (Dkt. #5), states:

> except by permission of the Court, briefs or memoranda of law shall not exceed forty (40) pages. . . . Additionally, to expedite the Court's consideration of these motions, the parties must make a good faith attempt to **stipulate to the facts**. This stipulation should be filed along with Plaintiff's motion. In the event that a stipulation of facts cannot be reached, Plaintiff's memorandum shall contain, in narrative form, a **medical chronology with record citations** . . . .

(Dkt. #5, ¶¶ III(a), (e))(emphasis in original). In this case, rather than filing a Joint Stipulation of Facts along with his motion, plaintiff filed a separate thirty-six page "Proposed Statement of Facts[.]" (Dkt. #21-1). Plaintiff contends that "a disagreement as to the facts of the Record is quite unlikely." (Dkt. #24, at 2). Therefore, plaintiff argues, "[i]ndeed, the time to determine whether the facts are stipulated is when the Commissioner files her Motion." (Id.). However, that is not what this Court ordered in the Standing Scheduling Order.

Pursuant to the Standing Scheduling Order the "parties must make a good faith attempt to **stipulate to the facts**." (Dkt. #5, ¶ III.(e) (additional emphasis added)). Only "[i]n the event that a stipulation of facts cannot be reached[]" is it appropriate for a "Plaintiff's memorandum [to] contain, in narrative form, a medical chronology[.]" (Id.). Plaintiff's decision to choose the route of filing a separate medical chronology with the expectation that defendant will agree to the content in its Motion to Affirm renders meaningless the requirement for the parties to make a good faith attempt to stipulate to the facts prior to the filing of plaintiff's motion. (Id.).

Accordingly, the defendant's Motion to Strike (Dkt. #24) is granted to the extent that the parties shall file a Joint Stipulation of Facts **on or before March 23, 2018**, or, in the event that a stipulation cannot be reached, plaintiff shall include in his memorandum, subject to the forty-page limitation, a relevant medical chronology with record citations. In light of the foregoing, the parties' Consent Motion to Stay (Dkt. #26) is granted to the extent that defendant's dispositive motion, which was due on March 6, 2018, shall be filed on or before **April 6, 2018**.